UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THIERNO MOHAMED BALDE, on behalf of
himself and all others similarly-situated,

            Plaintiff,

   -v-                                      3:14-CV-1393

ISTANBUL TURKISH GRILL, INC.; MASIS
PRIGIAN, in individual and professional
capacities; and AHMET GULDESTE, in
individual and professional capacities,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                               OF COUNSEL:

BORRELLI & ASSOCIATES, PLLC         CHRISTOPHER BERLINGIERI, ESQ.
Attorneys for Plaintiff                       MICHAEL J. BORRELLI, ESQ.
1010 Northern Boulevard, Suite 328
Great Neck, NY 11021

MASIS PRIGIAN
Defendant Pro Se
167 Cedar Street
Cliffside Park, NJ 07010

DAVID N. HURD
United States District Judge

## DECISION and ORDER

      On November 18, 2014, plaintiff Thierno Mohamed Balde ("plaintiff" or "Balde") filed this action against defendants Istanbul Turkish Grill, Inc. ("Istanbul Turkish Grill"), Masis Prigian ("Prigian"), and Ahmet Guldeste ("Guldeste") (collectively "defendants") alleging violations: (1) of the Fair Labor Standards Act's ("FLSA") overtime provisions, 29 U.S.C.

§ 207(a); (2) the FLSA's minimum wage provisions, 28 U.S.C. § 206(a); (3) the overtime provisions of the New York Labor Law ("NYLL"), N.Y. Labor Law § 160, New York Compilation of Codes, Rules and Regulations ("NYCRR") title 12, § 142-2.2; (4) the NYLL's minimum wage provisions, N.Y. Labor Law § 652(1); (5) the requirement that employers furnish employees with wage statements on each payday pursuant to N.Y. Labor Law. § 195(3); (6) the requirement that employers furnish employees with wage notices annually and at the time of hire pursuant to N.Y. Labor Law § 195(1)(1); and (7) the spread-of-hours provision of the NYCRR, title 12, § 142-2.4.

Following Istanbul Turkish Grill and Guldeste's failure to answer the complaint, plaintiff requested an entry of default. On March 6, 2015, the Clerk of the Court entered default against Istanbul Turkish Grill and Guldeste. Plaintiff now moves for default judgment against Istanbul Turkish Grill and Guldeste pursuant to Federal Rule of Civil Procedure ("Rule") 55.

Under Rule 55, default judgment may be entered where a "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). However, "just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." J & J Sports Prods., Inc. v. Onyx Dreams Inc., No. 12-CV-5355, 2013 WL 6192546, at *3 (E.D.N.Y. Nov. 26, 2013) (citation and internal quotation marks omitted). When considering a motion for default judgment, a court "is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in [his] favor." Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). The court must also determine whether the plaintiff's factual allegations establish the defendant's liability as a matter of law. Id. Accordingly, the sufficiency of the factual allegations in plaintiff's complaint will be considered.

Balde's complaint avers that on June 26, 2014, he began working at Istanbul Turkish Grill, located at 258 Main Street, Johnson City, New York, as a line cook in the restaurant. Guldeste was the co-owner/chef of the restaurant, and Guldeste and Prigian together operated the restaurant. Plaintiff typically worked sixty hours per week, over the course of six days a week. Defendants paid plaintiff only $150.00 per week amounting to $3.75 per hour for his first forty hours worked, which is below both the federal and state minimum wages, in violation of the FLSA and NYLL. He was paid nothing for the hours that he worked in excess of forty per week, which is clearly less than the statutorily-required overtime rates under the FLSA and NYLL and thus in violation of those statutes. Further, defendants did not provide plaintiff with statements of hours or his wages at the time of payroll, nor did they provide wage notices at his time of hire, in violation of the NYLL. Finally, defendants failed to pay plaintiff an extra hour of pay for days when he worked in excess of ten hours per day, in violation of the NYCRR. These allegations establish that defendants violated the FLSA, NYLL, and NYCRR and that plaintiff sustained damages as a result.

With respect to damages, "it is well established that while a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Curry v. Huntington Copper, LLC, No. 1:12-CV-1673, 2013 WL 6816483, at *2 (N.D.N.Y. Dec. 24, 2013) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012) (internal quotation marks omitted)). Rather, a district court may determine damages by conducting an evidentiary hearing or by relying on detailed affidavits and other documentary evidence. Id.

Here, Balde has not submitted affidavits or documentary evidence, but requests a hearing or that he be allowed to submit written proof as to the damages he is entitled to

receive from Istanbul Turkish Grill and Guldeste.  However, plaintiff's claims remain pending against an individual defendant in this action—Prigian.  Therefore, any further proceedings related to the issue of damages plaintiff is entitled to receive from Istanbul Turkish Grill and Guldeste will be deferred pending the resolution of the issue of liability against Prigian.  See, e.g., Montcalm Pub. Corp. v. Ryan, 807 F. Supp. 975, 978 (S.D.N.Y. 1992) ("[W]here some but not all defendants have defaulted, the courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments.").

Istanbul Turkish Grill and Guldeste's failure to defend this action constitutes an admission of the factual allegations in Balde's complaint.  Because his complaint states valid claims against Istanbul Turkish Grill and Guldeste for violations of the FLSA, NYLL, and NYCRR, plaintiff's motion for default judgment will be granted.  However, plaintiff's claims against individual defendant Prigian remain pending.  Therefore, a determination of damages to be imposed against Istanbul Turkish Grill and Guldeste will be deferred pending a resolution of the issue of liability against Prigian or until he is otherwise dismissed.

Therefore, it is

ORDERED that

1.  Plaintiff Thierno Mohamed Balde's motion for default judgment against Istanbul Turkish Grill, Inc. and Ahmet Guldeste is GRANTED; and

2.  A hearing for damages is deferred.

IT IS SO ORDERED.

Dated: May 8, 2015
       Utica, New York.

_____
United States District Judge